[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the second count of the complaint, which seeks double or treble damages pursuant to General Statutes § 14-295, which allows for such damages in the event that certain motor vehicle statutes, including General Statutes §§ 14-281a, 14-230, 14-222 were deliberately or recklessly violated.
The defendant claims that the plaintiff must allege physical facts, apparently some outward manifestation of a reckless or deliberate state of mind in order to properly allege a cause of action under this statute. This misconception appears to arise out of a misreading of the leading case on the subject, Dubay v.Irish, 207 Conn. 518 (1988).
A proper analysis of the factor of recklessness becomes obvious when the opinion of the court is read carefully.
 "The state of mind amounting to recklessness may be inferred by conduct."
 Dubay v. Irish, 207 Conn. 518, 532 (1988).
The presence or absence of an outward manifestation of conduct from which an inference may be drawn is not determinative of the state of mind of the actor.
The state of mine of recklessness is in and of itself a fact. It is the state of heedlessness which results from the priority fulfillment of unwarranted self-interest, often precipitated by such factors as anger, frustration, an insensitive priority of meeting time schedules, and the like, without regard to the CT Page 5597 safety of other citizens. Often the only means of determining the state of mind of the actor is through the testimony, or admissions of the actor himself. The same outward act (for example going through a stop sign) may be either the product of simple inadvertence or may be motivated by the state of mind of recklessness. A requirement that there be additional outward egregious physical acts to establish the actor's state of mind
would be unduly restrictive, and is unwarranted as a matter of law.
Recklessness may be inferred by conduct, Dubay v. Irish,
supra. Or it may be proven by the declarations of the actor. However, these are matters of evidence. Matters of evidence are not required to and are not allowed to be pleaded. Practice Book § 10-1. The absence of a pleading of evidence, external conduct to support the fact of the state of mind of recklessness, cannot be required of a litigant and cannot form the basis for a motion to strike. The existence or non-existence of external evidence, or internal state of mind, can be inquired into under procedures for discovery and deposition.
In essence, it is for the trial court, upon trial, to determine whether sufficient evidence of the state of mind of recklessness has been produced such as to warrant its consideration by the trier of fact.
General Statutes § 14-295 does require that the particular traffic violation, which it is claimed occurred through recklessness, be specified. This the plaintiff has done, through identifying the statutes as § 14-218a, traveling unreasonably fast, and § 14-230, driving in the right hand lane. Hence these allegations are properly pleaded.
As to the allegation, under General Statutes § 14-295, that the defendant violated General Statutes § 14-222, Reckless Driving, is of course a matter of legitimate concern. In essence that allegation claims that the defendant drove the vehicle recklessly by driving the vehicle recklessly. That allegation tells the defendant nothing. Although the pleading is technically correct, the defendant should be entitled to know what particular violation of due care, what particular proscribed conduct, in the operation of the vehicle, either common law or statutory, is claimed to have been precipitated by the state of mind of recklessness. The proper method to address this particular matter is though a request to revise under Practice CT Page 5598 Book § 10-35, as the defendant is entitled to a narrowing of the issues on that question.
The court determines that the second count of the complaint has been properly pleaded. The motion to strike the second count is denied.
L. Paul Sullivan, J.